```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
                                   :
JAVIER REYES                       :
                                   :
            -against-              :    **OPINION**
                                   :
CITY COLLEGE OF THE CITY           :    03 CIV. 3132 (RLC)
UNIVERSITY OF NEW YORK,            :
            Defendant.             :
-----------------------------------X
APPEARANCES

PAUL N. CISTERNINO
CISTERNIN & WEINSTEIN, LLP
Attorneys for Plaintiff
701 Westchester Avenue
White Plains, NY 10604

ELIOT SPITZER
Attorney General of the State
  of New York
Attorneys for Defendant
120 Broadway, 24th Floor
New York, NY 10271

               STEVEN M. JACOBY
                  Of Counsel




ROBERT L. CARTER, District Judge
```

Javier Reyes ("Reyes") brings this action against the City College of the City University of New York ("CUNY") pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e <u>et seq.</u> ("Title VII") and the New York Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296. Presently before the Court is CUNY's motion to dismiss Reyes' complaint.

I. BACKGROUND

The following facts are taken from the complaint and the EEOC claim it incorporates by reference and are accepted as true for purposes of this motion.[1]

A. Reyes' Allegations of Discriminatory Treatment

From March 1999, Reyes, a Hispanic man of Puerto Rican national origin, has been employed at CUNY as a Peace Officer. In October 2000, Reyes was suspended for three days on the basis of a false accusation that he had lost his official identification. The supervisor responsible for disciplining Reyes was Timothy Hubbard ("Hubbard"), CUNY's Director of Special Services. Subsequently,

---

[1] "In considering a motion to dismiss . . . a district court must limit itself to the facts stated in the complaint or in documents attached thereto as exhibits <u>or</u> incorporated therein by reference." <u>Kramer v. Time Warner, Inc.</u>, 937 F.2d 767, 773 (2d Cir. 1991) (emphasis added). "A written instrument not formally attached to a pleading that is offered in opposition to a motion to dismiss the pleading may be considered by the court deciding the motion, if there was a 'clear and definite reference' to the instrument in the pleading." 2-10 MOORE'S FEDERAL PRACTICE - CIVIL § 10.05; <u>cf.</u> <u>B.V. Optische Industrie De Oude Delft v. Hologic, Inc.</u>, 909 F. Supp. 162, 167 (S.D.N.Y. 1995) (Leisure, J.).

Hubbard repeatedly denied Reyes job assignments that might have led to a promotion. Reyes told Hubbard that he believed he was being treated unfairly because of his race and national origin.

On January 9, 2002, Hubbard assaulted Reyes. Initially, Reyes was suspended with pay pending investigation of the incident. On January 14, Reyes submitted an incident report describing the assault and seeking the assistance of CUNY's Vice-President, Lois Cronholm ("Cronholm"). Five days after seeking Cronholm's help, Reyes' employment status was converted to unpaid suspension. On January 24, Reyes was charged with "misconduct —making a false accusation." Compl. ¶ 20. At a disciplinary hearing held on February 5, the charge of filing a false report was dismissed, but Reyes was docked seven days' pay after the hearing officer concluded that Reyes had not followed his supervisor's (Hubbard's) directive. Reyes returned to work after a three-month suspension on April 16, 2002.

B. Exhaustion and Commencement of an Action in Federal Court

On March 23, 2002, Reyes filed a charge against CUNY with the United States Equal Opportunity Commission (the "EEOC"). On February 4, 2003, EEOC closed its file on the charge and issued Reyes a right to sue letter. Reyes commenced this action on May 5, 2003, alleging harassment and retaliation in violation of Title VII and the NYSHRL. Reyes concedes that the court has no authority to

review the claims he brings under the New York Human Rights Law or to award punitive damages, but contests dismissal of his Title VII claims. Pl. Mem. 1.

II. DISCUSSION

A.  Standard of Review

Under Rule 12(b)(6), F.R. Civ. P., the defendant's motion to dismiss should be granted only if "it appears beyond doubt, even when the complaint is liberally construed, that the plaintiff can prove no set of facts which would entitle him to relief." Jaghory v. New York State Dep't of Educ., 131 F.3d 326, 329 (2d Cir. 1997) (citations omitted).[2] In considering a defendant's motion to dismiss, a court must limit itself to facts stated in the complaint, which are accepted as true, and it must draw all reasonable inferences in the plaintiff's favor. See Brown v. Coach Stores, Inc., 163 F.3d 706, 709 (2d Cir. 1998).

The Second Circuit "has repeatedly warned that the pleading requirements in discrimination cases are very lenient, even de minimis." Deravin v. Kerik, 335 F.3d 195, 200 (2d Cir. 2003). Furthermore, when the plaintiff complains of a civil rights violation, the defendant's motion to dismiss should be subjected to

---

[2] The same standard applies for a motion for judgment on the pleadings, whether brought pursuant to Rule 12(c) or Rule 12(h)(2), F.R. Civ. P. See e.g. Burda Media, Inc. v. Blumenberg, 97 Civ. 7167, 1999 U.S. Dist. LEXIS 9240 at * 18 (S.D.N.Y. June 17, 1999) (Sweet, J.) superseded by statute on other grounds by Johnson Matthey, Inc. v. Research Corp., 01 Civ. 8115, 2002 U.S. Dist. LEXIS 18802 (S.D.N.Y. Oct. 3, 2002) (Maas, M.J.).

intense scrutiny. See Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991).

B.  Title VII Claims Related to Discriminatory Treatment
1. Timeliness

CUNY argues that the Title VII claims related to events that pre-date July 2001, i.e. 300 days prior to the date Reyes filed his charge with the EEOC, should be dismissed as time-barred. As a general rule, "to sustain a claim for unlawful discrimination under Title VII . . . a plaintiff must file administrative charges with the EEOC within 300 days of the alleged discriminatory acts. . . . [Title VII] precludes recovery for discrete acts of discrimination or retaliation that occur outside the statutory time period, even if other acts of discrimination occurred within the statutory time period." Patterson v. County of Oneida, 375 F.3d 206, 220 (2d Cir. 2004) (citations omitted). "Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice,'" and "each discriminatory act starts a new clock for filing charges alleging that act." AMTRAK v. Morgan, 536 U.S. 101, 114 (2002).

It is also well-settled that alleged adverse employment practices such as failure to promote, failure to compensate adequately, undesirable work transfers, and denial of preferred job assignments are generally considered discrete acts to which

separate filing deadlines apply. See e.g. Coudert v. Janney Montgomery Scott, LLC, No. 3:03-CV-324, 2005 U.S. Dist. LEXIS 13323 (D. Conn 2005, June 30, 2005). Consequently, any claims based on sanctions that were imposed on Reyes before July 2001, such as Reyes' three-day suspension in 2000, are time-barred.[3]

CUNY further alleges that Reyes' claim of discriminatory job assignments is also time-barred. CUNY argues that Reyes did not allege that these acts took place within the 300-day period preceding the filing of his EEOC complaint. However, it is immaterial that the dates on which these job assignments were not specified in the complaint. A plaintiff bringing a Title VII claim is not required to plead specific dates of discrimination. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512-13; see also Aguilar v. New York Convention Ctr. Operating Corp., No. 00-CV-4637, 2002 U.S. Dist. LEXIS 7945 (S.D.N.Y. May 2, 2002) (Motley, J.) (refusing to dismiss plaintiffs' discrimination claims against their employer as time-barred because the complaint did not specify the dates of each alleged discriminatory act). Accordingly, any of Reyes' claims predicated on discriminatory job assignments after July of 2001 are timely, and are deemed exhausted through their inclusion in Reyes' EEOC charge.[4]

---

[3] However, the incidents that occurred prior to July 2001, including the suspension, may be presented as factual predicates for a claim of retaliation under Title VII.

[4] CUNY also argues that Reyes' complaint is "too vague" to put them on notice of his claim of a discrimination in job assignment. If true, the proper response is to request a bill of particulars, not to argue that Reyes has not stated a claim.

2.   The Elements of a Title VII Prima Facie Case

CUNY argues that Reyes has not stated a claim of discriminatory treatment. To state this claim under Title VII, Reyes must plead that (1) he is a member of a protected class; (2) he was qualified for the job he held; (3) he was subjected to adverse employment action; and (4) this action took place under circumstances giving rise to an inference of discrimination. See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248 (1981).

CUNY concedes the first two elements. It is undisputed that Reyes is Hispanic and that he is of Puerto Rican national origin. Similarly, the question of whether Reyes was suited for his job does not appear to be in question, since he continues to work at CUNY. However, CUNY argues that the final two elements of Reyes' prima facie case have not been adequately pled. According to CUNY Hubbard's assault on Reyes, the resulting three-month suspension, the loss of one week's pay, and the inability to secure favorable work assignments are not materially adverse employment actions. CUNY also argues in the alternative that the circumstances of these actions do not give rise to an inference of discrimination. Each of CUNY's arguments will be addressed in turn.

a. Materiality of the adverse employment action.

First, CUNY argues that a state-law tort cannot provide the basis for a claim under Title VII. This argument is patently wrong. An assault in the workplace can be discriminatory employment action, especially if the employer ignored the victim's complaint. See e.g. Cornwell v. Robinson, 23 F.3d 694 (2d. Cir. 1994). Reyes has clearly alleged that Cronholm ignored his report of being assaulted by Hubbard and that he was punished unfairly after seeking her assistance. Compl. ¶ 19.

Second, CUNY argues that "[b]eing docked seven days pay, a small, one-time penalty, does not rise to the level of a materially adverse change in the conditions of employment." Pl. Mem. 15. However, Reyes' personnel file will undoubtedly contain a reference to his suspension, and this will influence his prospects for promotion. Consequently, even without any loss of pay, the suspension was a materially adverse employment action. See Mandell v. County of Suffolk, 316 F.3d 368, 383 (2d Cir. 2003). Likewise, as the failure to grant Reyes favorable work assignments diminishes his prospects for promotion, this was also a materially adverse employment action. See Bernheim v. Litt, 79 F.3d 318, 325 (2d Cir. 1996) (reasoning that employment actions should be deemed materially adverse when considering defendant's motion to dismiss where "[t]he plaintiff does allege that her reputation,

opportunities for advancement and earning potential have been impaired by the acts of the defendant.")

b.  Inference of discrimination from the circumstances of the employment action

CUNY further argues that Reyes has not stated a claim because he does not allege there was a general pattern of discrimination in his workplace, including that "non-Hispanics are not disciplined for the same offense[s]." Pl. Mem. 14. However, the issue is not whether Reyes received a discriminatory penalty, but whether Hubbard's decision to bring charges against him was either motivated by racism, or made in response to Reyes' claims of discrimination.

CUNY points to the fact that Reyes makes a naked allegation in his complaint that the adverse employment actions were motivated by a discriminatory intent. Compl. ¶ 25. If this was the only allegation of discrimination the claim would fail, but Reyes has provided factual allegations that could possibly support an inference of discrimination in the EEOC claim his pleading incorporates by reference.[5] In it, Reyes states that "Hispanic employees have generally been singled out [by Hubbard] based on our race . . . ." EEOC Compl. ¶ 2. Reyes clearly alleges a causal connection between his race and the adverse employment action, and

---

[5] See 2-10 MOORE'S FEDERAL PRACTICE - CIVIL § 10.05; Kramer v. Time Warner, Inc., 937 F.2d 767, 773 (2d Cir. 1991).

has therefore sufficiently pled all four elements of a Title VII prima facie case.

C. Reyes' Title VII Retaliation Claim

1. Exhaustion of Reyes' Retaliation Claim

CUNY argues that Reyes claim of retaliation is barred because it is not administratively exhausted, owing to the fact that Reyes "did not check off the 'retaliation' box in the charge . . . ." Def. Mem. 18. However, "it is well-settled that merely checking a box, or failing to check a box does not necessarily control the scope of the charge." Cooper v. Xerox Corp., 994 F. Supp. 429, 436 (W.D.N.Y. 1998).

Unlike in cases where the failure to check the box marked "retaliation" in one's EEOC charge was accompanied by a "failure to even hint that retaliatory treatment was involved", Reyes clearly put the EEOC on notice of his earlier complaints of unfair treatment to Hubbard and Cronholm,[6] which he now alleges to be the retaliatory basis for his suspension and loss of pay. Compare Chinn v. City Univ. of N.Y. Sch. of Law, 963 F. Supp. 218, (E.D.N.Y. 1997) with Ausfeldt v. Runyon, 950 F. Supp. 478 (N.D.N.Y. 1997) (holding that despite failure to check the box marked retaliation on EEOC charge form, plaintiff provided enough information that "the scope of their investigation should have included allegations of retaliation.") The court finds that Reyes' claims of retaliation

---

[6] EEOC Compl. ¶¶ 3(b), 6.

are reasonably related to the claims he previously raised. The court will consider the retaliation claim, since it has been administratively exhausted.

2. The Elements of a Prima Facie Title VII Retaliation Claim

CUNY argues that Reyes has not adequately alleged all the elements of his claim of illicit retaliation. "To make out a prima facie case of retaliation under Title VII of the Civil Rights Act of 1964, appellant must show: protected participation or opposition under Title VII known by the alleged retaliator; an employment action disadvantaging the person engaged in the protected activity; and a causal connection between the protected activity and the disadvantageous employment action." De Cintio v. Westchester County Medical Ctr., 821 F.2d 111, 115 (2d Cir. 1997) (citations omitted).

CUNY does not contend that Reyes did not engage in activity protected by Title VII by complaining of discriminatory treatment. Additionally, the complaint alleges that Reyes suffered materially adverse employment action. Thus, two of the three elements of this claim have clearly been pled. CUNY argues that the final element is not alleged, in that the complaint does not allow for a rational inference that Reyes' protected activities caused the retaliatory employment action. However, the Court of Appeals for the Second Circuit has held that "[p]roof of causal connection can be established indirectly by showing that the protected activity was followed closely by discriminatory treatment. . . ." De Cintio, 821

F.2d at 115. Since Reyes was charged with filing a false statement only ten days after complaining of discriminatory treatment to Chisholm, this temporal proximity could support an inference of retaliation. Reyes has thus pled all the elements of his claim.

III. CONCLUSION

For the foregoing reasons, CUNY's motion to dismiss is GRANTED as to Reyes' NYSHRL claims, those federal claims predicated upon the three-day suspension and any discriminatory job assignments made before July of 2001, and for punitive damages, and DENIED as to any remaining claims.

**IT IS SO ORDERED**

Dated: New York, New York
November 4, 2005

COPIES MAILED

ROBERT L. CARTER
U.S.D.J.